**90**

**In re DELTAR CONSTRUCTION, INC., Debtor.**

**Daniel L. BAKST, Trustee, Plaintiff,**

v.

**STATE WIDE MORTGAGE CORP. Edward P. Corwin, John & Theresa Tagliaferro, Defendants.**

**Bankruptcy No. 81–01357–BKC–TCB. Adv. No. 82–0267–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

April 13, 1983.

Daniel Bakst, West Palm Beach, Fla., Trustee.

Jerald Goldstein, Boca Raton, Fla., for plaintiff.

Chad Pugatch, Fort Lauderdale, Fla., for defendant Corwin.

Robert C. Furr, Boca Raton, Fla., for defendants Tagliaferro.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks the avoidance, under 11 U.S.C. § 547(b), of the transfer of 19 townhouses to the defendant corporation. The matter was tried on April 1. At trial, the trustee dismissed count 2, the only charge against the individual defendants.

On November 18, 1980, the debtor construction company quit-claimed the townhouses to the defendant corporation without consideration in an effort to refinance a bank's construction loan. The parties had earlier entered into a joint-venture agreement with defendant advancing $125,000 toward completion of the project. The debtor had exhausted his construction loan and all other resources. It was heavily in debt. Only four units neared completion. Eight units were only half completed. During the three months before the transfer, when work was suspended, the properties were severely vandalized.

At the time of trial, defendant had sold five units and had invested over $200,000 since the transfer toward its completion.

It is defendant's position that the 19 units at the time of transfer were not worth the outstanding liens against the property (at least $935,000), therefore, defendant received nothing. The joint venture has earned no profits and there is no present indication that it ever will.

It is the trustee's burden to establish each of the five elements in this purely statutory cause of action. § 547(b). I find that it has carried its burden with respect to elements (1) and (3). The transfer was to a creditor and it was made when the debtor was insolvent.

I also find that element (4)(B) has been proved. The transfer occurred ten months before bankruptcy to a corporation dominated by an attorney who served as the debtor's attorney, mortgage broker, title examiner and joint-venturer. I find that the defendant corporation was an "insider", for the purposes of § 547, and that it had reasonable cause to believe the debtor was insolvent at the time of the transfer. The statutory definition of an insider, § 101(25)(B), is not helpful, but this is an inclusive not an exclusive definition. The test of an insider in this context is whether he or it had such a relationship with the debtor that their dealing with one another could not be characterized as an arm's length transaction. *Matter of Montanino*, Bkrtcy.D.N.J.1981, 15 B.R. 307, 310. That was clearly the case here.

However, the trustee has completely failed to prove either element (2) or (5). As has been noted, the transfer was not "for or on account of an antecedent debt". The evidence is without conflict that the transfer was incident to the joint-venture effort to obtain new funds to complete the stalled project. It did not reduce the antecedent debt one cent and was never intended to by either party.

Similarly, there is no basis in this record to find element (5), that defendant received more than it would receive through a chapter 7 liquidation of the debtor's assets. This is so because there was no equity in the property at the time of transfer. In fact, defendant received less than nothing.

The trustee tried to prove this element with opinion evidence that the 19 units when completed and sold at retail would produce $1.2 or $1.3 million. The difference between wholesale and retail value of such property is, of course, substantial. He then offered proof that under contracts negotiated six months before transfer it would cost $110,850 to complete 15 of the units. His estimated completion costs were based on the condition of the units in August, 1980, three months before the transfer during which they were completely vandalized. It is unrealistic to assume that the earlier contract prices would have been available during the six months required for completion.

It was the trustee's burden to prove the value of the property as a unit, at the time of transfer, less the existing liens and encumbrances. He never did so. His star witness, the debtor's principal, candidly admitted he did not know the value of the property at the time of transfer. Its value cannot be inferred from the sketchy and inclusive proof here.

It follows that the complaint must be dismissed with prejudice. As is required by B.R. 921(a), a separate judgment will so provide. Costs may be taxed on motion.